UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

QUESTECH FINANCIAL CALIFORNIA, LLC,

        Plaintiff,

   v.

JYM CORPORATION,

        Defendant.

_____/

NO. CIV. S-04-2553 FCD GGH

ORDER

----oo0oo----

This matter is before the court on motion by plaintiff, QuesTech Financial California, LLC ("QuesTech"), for a writ of possession of personal property allegedly in the possession of defendant JYM Corporation ("JYM").[1]  JYM opposes the motion.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230.

1

**BACKGROUND**

Following are the facts as set forth in the complaint and supplemented by Questech's papers filed in support of the present motion. QuesTech is a limited liability company with its principal place of business in Danbury, Connecticut. On or about February 20, 2002, QuesTech entered into a Note and Security Agreement ("the Agreement") with Radhe Investments, Inc., Jay Mohan, Sheila Mohan, and Nitnin Mohan (collectively "co-borrowers"), none of whom are named defendants in the present action. Under the terms of the Agreement, QuesTech loaned monies to the co-borrowers to facilitate their opening of a Togo's restaurant ("the restaurant") at 1441 Meadowview Road, Sacramento, California, and the co-borrowers agreed to make certain scheduled payments to QuesTech. The Agreement granted QuesTech a continuing first priority security interest in, and lien on, the property contained within the Togo's restaurant (the "collateral"). QuesTech perfected its continuing first priority security interest in the collateral by filing UCC Financing Statements with the Office of the Secretary of State of California. Pursuant to the terms of the Agreement, if the co-borrowers defaulted, QuesTech was entitled to enter upon the premises where any or all of the collateral is located, take possession, remove, and sell, lease or otherwise dispose of the collateral.

On September 1, 2003, the co-borrowers defaulted on the loan by failing to make the required payment to QuesTech. Thereafter, pursuant to the terms of the Agreement, QuesTech declared the entire unpaid balance of the loan immediately due and payable.

1  Apparently, sometime after QuesTech accelerated payment of the
2  loan, the co-borrowers abandoned the restaurant and the
3  collateral.  Allied Domecq, Togo's parent company, took over the
4  restaurant, later selling the rights to operate the restaurant to
5  JYM.  QuesTech believes that JYM assumed possession of the
6  collateral when it took over operation of the restaurant.
7       On or about October 20, 2004, QuesTech made a written demand
8  upon JYM to turn over the collateral to QuesTech.  JYM did not
9  comply with QuesTech's demand.  On December 1, 2004, QuesTech
10 filed suit against JYM alleging conversion, unjust enrichment,
11 and claim and delivery of the collateral.  On January 5, 2005,
12 QuesTech filed a notice of application for writ of possession.
13 JYM opposes the application on the grounds that Questech has
14 failed to make the requisite showing that the property in the
15 Togo's restaurant is in fact the same property used as collateral
16 for the Agreement.  In addition, JYM contends that it is a good
17 faith purchaser who relied upon Allied Domecq's representation
18 that the property was not encumbered.  (See Def.'s Mem. Opp'n to
19 App. Writ of Possession at 3.)

**ANALYSIS**

**I.   Choice of law governing the current action.**

QuesTech appears to contend that the court should apply
Connecticut law pursuant to a choice of law provision in the
Agreement between QuesTech and the co-borrowers.  The Agreement
states in pertinent part,

> This note shall be construed under the laws of the
> state of Connecticut, without regard to principles of
> conflicts of law or choice of law.  The Borrower hereby
> agrees that all actions or proceedings arising directly
> or indirectly from or in connection with this Note or

3

> any of the Collateral shall, at the Lender's sole option, be litigated only in a Court located in Fairfield County, Connecticut to the exclusion of the courts of any other state or country.

(Note and Security Agreement ("Agreement") § 27, Ex. A to Decl. of Sean P. Dunn in Supp. App. Writ of Possession.)  Parties are free to choose the law applicable to the attachment and enforcement of the security interest, unless doing so would violate a fundamental public policy of the state whose law would apply in the absence of a choice of law clause.  U.C.C. § 1-301 (revised).  However, the choice of law and venue provisions only bind *the parties to the Agreement*.  The provisions cannot bind third parties, such as defendant, who were not parties to the Agreement, and therefore did not specifically agree to the terms therein.  U.C.C. § 9-301 cmt. 2; ALI-ABA, Special Report of the Tribar Opinion Committee: U.C.C. Security Interest Opinions - Revised Article 9 at n. 55 (November 6-8, 2003).  Therefore, the choice of law and venue provisions at issue do not apply to JYM. Pursuant to federal law, this court will apply the law of the forum state of California in the instant action.  Fed. R. Civ. P. 64[2]; Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906, 919-20 (2001).

**II.  Merits**

Cal. Civ. Proc. Code § 512.010 provides for the filing of an application for writ of possession, which is a provisional remedy

---

[2]  Fed. R. Civ. P. 64 provides in pertinent part, " . . .all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available . . . in the manner provided by the law of the state in which the district court is held . . .."

4

that enables a plaintiff to seize specific personal property in the defendant's possession prior to judgment. <u>Waffer Int'l Corp. v. Khorsandi</u>, 69 Cal. App. 4th 1261, 1271 (1999). Obtaining possession prevents a defendant from devaluing, consuming, or otherwise harming the property while the action is pending. <u>See generally id.</u> at 1271 n. 11. The granting or denial of the writ has no determinative effect on the underlying case or the rights of any party in actions arising out of the same claim. Cal. Civ. Proc. Code § 512.110.[3]

The application must be executed under oath and include:

(1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.

(2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.

(3) A particular description of the property and a statement of its value.[4]

(4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that

---

[3] Cal. Civ. Proc. Code § 512.110 provides: "The determinations of the court under this chapter shall have no effect on the determination of any issues in the action other than the issues relevant to proceedings under this chapter, nor shall they affect the rights of any party in any other action arising out of the same claim. The determinations of the court under this chapter shall not be given in evidence nor referred to in the trial of any such action."

[4] The value of the property must be stated with particularity to allow the court to properly assess the amount of the required undertaking.

5

>          there is probable cause to believe that such property
>          is located there.
>
>          (5) A statement that the property has not been taken
>          for a tax, assessment, or fine, pursuant to a
>          statute; or seized under an execution against the
>          property of the plaintiff; or, if so seized, that it
>          is by statute exempt from such seizure.

Cal. Civ. Proc. Code § 512.010.  If the plaintiff fails to make the required showing entitling it to a writ of possession, then the property remains with the defendant until the underlying action is resolved.  If the application is granted, but the plaintiff subsequently loses the underlying case, then the property will be returned to defendant and statutory damages may be awarded.[5]  Cal. Civ. Proc. Code § 512.020(a).

   Here, QuesTech has failed to satisfy the statutory prerequisites for a writ of possession.  Most importantly, QuesTech has not made a prima facie showing that it is entitled to possession of the property claimed.  While it does not appear disputed that QuesTech has a security interest in *the collateral*, there is substantial doubt regarding whether some or all of the collateral was removed and replaced with new property not subject to QuesTech's security interest.  QuesTech filed its complaint and application for writ of possession over a year after the co-borrowers defaulted on the Agreement, and after the restaurant had passed into the possession of Allied Domecq, and then JYM.  JYM contends that the collateral was removed by Allied Domecq and

---

[5]  Statutory damages include any damages resulting from; (1) the levy of the writ of possession, (2) the loss of possession of property resulting from the levy, and (3) conversion if the property has been sold by plaintiff and cannot be redelivered to the defendant.  Cal. Civ. Proc. Code § 512.020(a).

6

1 replaced with new equipment and supplies prior to the time it
2 began operating the restaurant.  While QuesTech believes the
3 collateral remains in the restaurant, it concedes that an agent
4 of Allied Domecq has made representations to JYM and to QuesTech
5 that he removed all of the property from the restaurant in
6 December of 2003.  (See Supplemental Dec. of Stephen Lerner Supp.
7 App. Writ Poss'n ("Lerner Dec.") ¶¶ 14-18.)  Under these
8 circumstances, QuesTech has not made a prima facie showing that
9 it is entitled to the property claimed.

QuesTech's inability to demonstrate that the property currently in the restaurant is the collateral for the Agreement also presents practical obstacles to granting the writ of possession.  Cal. Civ. Proc. Code § 512.010(b)(3) requires the applicant to provide a "particular description of the property."  The purpose of this requirement is to enable the levying officer to identify  the property subject to seizure.  See Alan M. Ahart, Cal. Practice Guide: Enforcing Judgments and Debts § 4:687 (Rutter Group 2005).  Questech's description of the property is contained in Paragraph 4 of the Proposed Order, which states in full:

> 4. QuesTech has established the probable validity of its claim to possession of the Subject Collateral (as that term is defined below) located at 1441 Meadowview Road, Suite 114, Sacramento, California 95816.
>
> "Subject Collateral" shall mean "*all personal property, including (without limitation) all (i) equipment, inventory, goods, accounts receivable, contract rights, chattel paper, documents, fixtures, furniture, investment property, general intangibles, instruments, cash, deposit accounts, reserves, credits and any other funds owned or formerly owned by Radhe Investments, Inc., Jay Mohan, Sheila Mohan, or Nitin Mohan which is the possession, custody or control of JYM; (ii) present and future attachments, accessories and accessions,*

7

>     spare parts, replacements, substitutions and exchanges
>     or trade-ins with respect to, in connection with or
>     generated by any of the foregoing; and (iii) the
>     products, proceeds, offspring, rents and profits of all
>     of the foregoing, including insurance proceeds payable
>     in respect of loss or damage to any of the foregoing
>     and all other proceeds in whatever form, whether now or
>     hereafter in the possession, custody and control of
>     JYM," some or all of which may be located at 1441
>     Meadowview Road, Suite 114, Sacramento, California
>     95816.  "Subject Collateral" shall also include, but
>     not be limited to, those items inventoried on or about
>     November 10, 2003 and set forth in Exhibit "A" attached
>     hereto.

(Proposed Order Re: Pl.'s Application for Writ of Possession ¶ 4 (emphasis added).)  This "description," which encompasses anything in the store that belonged to the co-borrowers, provides no guidance whatsoever to a levying officer in determining what items to seize.  How is the levying officer to determine what objects were "owned or formerly owned by" the co-borrowers?  There is no indication from the evidence proffered that the items "owned or formerly owned by" the co-borrowers are labeled or readily identifiable as such.  QuesTech has not provided a list of property with adequate descriptions and/or serial numbers.  As JYM has been operating the store for many months now, presumably some or all of, <u>inter</u> <u>alia</u>, the inventory, goods, accounts receivable, documents, and cash at the store were never owned by the co-borrowers.  However, from the description provided, the levying officer could not distinguish property owned by the co-borrowers from that brought to the restaurant after they relinquished it.

Essentially, QuesTech asks this court to seize the entire contents of JYM's restaurant when it offers little in the way of evidence that it is entitled to much of the property therein.

This is particularly troubling when one considers that a grant of this application almost assuredly would put the restaurant out of business until the resolution of this matter.  QuesTech's application for writ of possession is DENIED.

IT IS SO ORDERED.

DATED: May 23, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE