1

2

3

4

5

6

7

8

9

10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13                           ----oo0oo----

14   QUESTECH FINANCIAL CALIFORNIA,
     LLC,

15                                    NO. CIV. S-04-2553 FCD GGH

16           Plaintiff,

         v.                           ORDER
17

     JYM CORPORATION,
18

             Defendant.
19

     _____/
20

21                           ----oo0oo----

22        This matter is before the court on motion by defendant, JYM

23   Corporation ("JYM"), for leave to implead as third party

24   defendants Baskin Robbins USA, Co. ("Baskin-Robbins"), and Togo's

25   Eateries, Inc. ("Togo's").[1]  Plaintiff, QuesTech Financial

26

27        [1]    Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
28   E.D. Cal. Local Rule 78-230.

                                   1

California, LLC ("QuesTech"), did not file an opposition or statement of non-opposition as required by E.D. Cal. Local Rule 78-230(c).  The court construes QuesTech's silence on the matter as non-opposition to the motion.  E.D. Cal. Local Rule 78-230(c).

**STANDARD**[2]

Federal Rule of Civil Procedure 14 permits a defending party, at any time after commencement of an action, to bring a new party into the action "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."[3]  Rule 14(a).  A "third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative."  United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983); FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1037 (E.D. Cal. 2002).  Impleader claims brought under Rule 14(a) must be supported by an independent basis for federal subject matter jurisdiction.  See Galt G/S v. Hapag-Lloyd A.G., 60 F.3d 1370, 1373 (9th Cir. 1995); 3 James Wm. Moore et al, Moore's Federal Practice ¶ 14.03[4] (3d ed. 2004).

Leave of court need not be obtained if a third party complaint is filed not later than ten days after the defendants serve their answer to the original complaint.  Rule 14(a).  When

[2]   The background facts of this case are described in full in the court's memorandum and order denying plaintiff's application for writ of possession, issued concurrently with this order.

[3]   All further references to "Rule" are to the Federal Rules of Civil Procedure unless otherwise noted.

leave of court is required, the decision to permit impleader of a
third-party defendant is entrusted to the sound discretion of the
trial court.  <u>Mercedes Benz</u>, 708 F.2d at 452.  When making this
determination, courts consider (1) the prejudice to the original
plaintiff; (2) complication of issues at trial; (3) likelihood of
trial delay; and (4) timeliness of the motion to implead.  <u>Irwin
v. Mascott</u>, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citing
<u>Somportex Ltd. v. Philadelphia Chewing Gum Corp.</u>, 453 F.2d 435,
439 n. 6 (3d Cir. 1971), <u>cert.</u> <u>denied</u>, 405 U.S. 1017 (1972)).

**ANALYSIS**

Here, JYM's Third-Party Complaint alleges causes of action
for indemnity and equitable indemnity.  Specifically, JYM seeks
to implead Togo's and Baskin Robbins for indemnification in the
event that QuesTech obtains a judgment against JYM.  As such, the
impleader claims appear to fall within the ambit of Rule 14
because they are dependent on the determination of JYM's
liability to QuesTech.

In addition,  the court concludes from QuesTech's failure to
oppose the motion, that QuesTech will not be prejudiced by
impleader.  Bringing in Togo's and Baskin-Robbins will it greatly
complicate the issues for trial, since the sole claims asserted
against them are for indemnification.  Moreover, JYM moved
expeditiously to file this motion.  The case is still in its
early stages, and it is unlikely impleader will delay trial.  The
court also notes that permitting impleader likely will conserve
judicial resources since JYM will not be required to file a
separate lawsuit to recover against Baskin-Robbins and Togo's in
the event it is held liable in this action.

1    However, the complaint as currently drafted does not

2 sufficiently allege the basis of subject matter jurisdiction over

3 the third-party action.  See 28 U.S.C. § 1332(a); Third Party

4 Complaint for Indemnification ¶¶ 3-7, Ex. 1 to Motion to Bring

5 in Third Party Defendant.   Specifically, the complaint does not

6 allege the *domiciles* of Togo's and Baskin-Robbins for purposes of

7 diversity jurisdiction.  Rule 8(a); 28 U.S.C. § 1332(c)(1)[4];

8 Mahan v. J.E.N. Jewels, 946 F.2d 898 (9th Cir. 1991)(noting that

9 failure to include in the complaint a statement indicating the

10 states of citizenship of the respective parties constitutes a

11 "fundamental flaw in pleading diversity jurisdiction").  As a

12 result, JYM's motion to bring in Togo's and Baskin-Robbins as

13 third party defendants is GRANTED on the condition that JYM file

14 with the court within ten days of this order a Third Party

15 Complaint properly alleging the prerequisites for diversity

16 jurisdiction over the claim.

17 /////

18 /////

19 /////

20 /////

21 /////

22 /////

23 /////

24

25    [4]    28 U.S.C. § 1332(c)(1) provides in pertinent part that
26 "a corporation shall be deemed to be a citizen of any State by
   which it has been incorporated and of the State where it has its
27 principal place of business . . .."

28

4

**CONCLUSION**

For the foregoing reasons, JYM's motion to bring in as third party defendants Baskin-Robbins and Togo's is GRANTED on condition that JYM file a complaint within ten (10) days of this order, which sufficiently alleges the grounds on which the court's jurisdiction depends.

IT IS SO ORDERED.

DATED: May 23, 2005.

                              /s/Frank C. Damrell Jr.
                              FRANK C. DAMRELL, Jr.
                              UNITED STATES DISTRICT JUDGE